**MILBANK LLP**
55 Hudson Yards
New York, New York 10001-2163
Telephone:  (212) 530-5000
Facsimile:  (212) 530-5219
Evan R. Fleck, Esq. (admitted *pro hac vice*)
Matthew Brod, Esq. (admitted *pro hac vice*)
Alexander Lees, Esq. (admitted *pro hac vice*)
Justin Cunningham, Esq. (admitted *pro hac vice*)
efleck@milbank.com
mbrod@milbank.com
alees@milbank.com
jcunnin1@milbank.com

*Co-Counsel for the Secured Ad Hoc Group*

**CHIESA SHAHINIAN &
GIANTOMASI PC**
105 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone:  (973) 325-1500
Facsimile:  (973) 325-1501
Matthew E. Beck, Esq.
Thomas M. Walsh, Esq.
Sam Della Fera, Jr., Esq.
mbeck@csglaw.com
twalsh@csglaw.com
sdellafera@csglaw.com

*Co-Counsel for the Secured Ad Hoc Group*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MULTI-COLOR CORPORATION, *et al.*, | ) ) ) | Case No. 26-10910 (MBK) |
| Debtors.[1] | ) ) ) | (Jointly Administered) |
| BTG Pactual Asset Management US, LLC, BTG Pactual Absolute Return Master Fund, L.P., Canyon Capital Advisors LLC, The Canyon Value Realization Master Fund, L.P., River Canyon Fund Management LLC, River Canyon Total Return Bond Fund, Owl Creek Asset Management, L.P., Owl Creek Credit Opportunities Master Fund, L.P., Shenkman Opportunistic Credit Master Fund LP, Third Point LLC, and Third Point Master Fund LP , | ) ) ) ) ) ) ) ) ) ) ) ) ) | Adv. Pro. No. 26-01041 (MBK) |

---

[1]   The last four digits of Debtor Multi-Color Corporation's tax identification number are 5853. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/MCC. The location of the Debtors' service address for purposes of these chapter 11 cases is:  3284 Northside Parkway NW, Suite 400, Atlanta, Georgia 30327.

4898-6861-1217.v1

|  |  |  |
|---|---|---|
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Barclays Bank PLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## THE SECURED AD HOC GROUP'S
## MOTION TO INTERVENE IN ADVERSARY PROCEEDING

The *ad hoc* group of secured first-lien lenders and noteholders (the "Secured Ad Hoc Group") hereby submits this motion under 11 U.S.C. § 1109(b) and Federal Rule of Bankruptcy Procedure 7024 to intervene as a defendant in the above-captioned action (the "Adversary Proceeding"). In support thereof, the Secured Ad Hoc Group respectfully states as follows:

## PRELIMINARY STATEMENT

1.      The Secured Ad Hoc Group has a direct stake in the outcome of this action against the collateral agent of first lien debt to obtain a declaration limiting the extent of the liens, and determining the value of the collateral, securing its members' claims in these chapter 11 cases. The Secured Ad Hoc Group therefore seeks to intervene as a defendant. It is entitled to do so as of right under section 1109(b) of the Bankruptcy Code, which broadly gives any party in interest standing to appear and be heard on any issue in a chapter 11 case. Alternatively, the Secured Ad Hoc Group should be granted permissive intervention, given its direct pecuniary interest in the outcome.

## BACKGROUND

2.      As of the Petition Date, the Debtors' prepetition capital structure included, among other obligations, U.S. Dollar and Euro term loan facilities totaling approximately $2.167 billion (together, the "Term Loan Facilities") issued under a Cash Flow Credit Agreement (the "Credit

2

4898-6861-1217.v1

Agreement"), with Barclays Bank PLC ("Barclays") acting as administrative agent and collateral agent under the related Term Loan Guarantee and Collateral Agreement (the "Term Loan Security Agreement").  The capital structure also included secured notes totaling approximately $1.750 billion, and certain unsecured notes totaling approximately $1.150 billion.[2]  The members of the Secured Ad Hoc Group hold claims under the Term Loan Facilities and, in some instances, the secured notes.

3.      Plaintiff, a group of unsecured noteholders, commenced the Adversary Proceeding against Barclays, in its capacity as collateral agent under the Term Loan Security Agreement, seeking a declaration that the liens held by Barclays on behalf of the term loan lenders (including the members of the Secured Ad Hoc Group) are limited to the "Collateral" as defined in the Term Loan Security Agreement, and do not extend to what Plaintiff characterizes as "Unencumbered Assets."  The complaint further seeks a judicial determination of the fair market value of the term loan lenders' collateral, the value of the alleged unencumbered assets, and the allowed amount of the secured claim held by the lenders.  This action therefore directly implicates the core economic interests of the members of the Secured Ad Hoc Group.

4.      On or about February 19, 2026, counsel for Barclays contacted counsel for Plaintiff and asked if it would consent to the Secured Ad Hoc Group's intervention.  Additionally, Barclays' counsel asked for consent to stay the Adversary Proceeding since it raises questions that are completely overlapping with the issues that will necessarily be decided in connection with plan confirmation, which is scheduled to be heard on March 31, 2026. As of the date hereof, Plaintiff's

---

[2]  *See Declaration of Garrett Gabel, Chief Restructuring Officer of Multi-Color Corporation and Certain of Its Affiliates in Support of the Debtors' Chapter 11 Petition and First Day Pleadings* [Docket. No. 23] ("First Day Declaration") ¶ 39.

4898-6861-1217.v1

counsel has not responded as to whether it consents to the relief requested herein. Defendant's counsel has informed counsel for the Secured Ad Hoc Group that it does not oppose intervention.

## RELIEF REQUESTED

5.     The Secured Ad Hoc Group seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing it to intervene in this action as a defendant.

## JURISDICTION AND VENUE

6.     The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.).  This is a core proceeding under 28 U.S.C. § 157(b)(2).

7.     Venue is proper under 28 U.S.C. §§ 1408 and 1409.

8.     The bases for the relief requested herein are section 1109(b) of the Bankruptcy Code and Rule 24 of the Federal Rules of Civil Procedure, made applicable by Rule 7024 of the Federal Rules of Bankruptcy Procedure.

## BASIS FOR RELIEF

**I.     The Secured Ad Hoc Group is entitled to intervene as of right.**

9.     Rule 24(a)(1) of the Federal Rules of Civil Procedure, made applicable to this action by Rule 7024 of the Federal Rules of Bankruptcy Procedure, provides, in relevant part, that "[o]n timely motion, the court must permit anyone to intervene who: (A) is given an unconditional right to intervene by a federal statute; or (B) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  The Secured Ad Hoc Group is entitled to intervene, as of right, under this rule.

4

### A.    The motion is timely.

10.    There is no question the motion is timely.  In the Third Circuit, courts consider whether an intervention motion is timely by assessing "how far the proceeding has gone when the motion to intervene is filed, the prejudice that delay may cause the parties, and the reason for the delay."  *In re Grooms*, 561 B.R. 372, 376 (Bankr. W.D. Pa. 2016); *see also Casino Caribbean, LLC v. Money Ctrs. of Am., Inc. (In re Money Ctr. of Am., Inc.)*, 544 B.R. 107, 112 (Bankr. D. Del. 2016) (same).  This motion was filed just nine days after the complaint and as soon as reasonably practicable.  Nothing has occurred in this action to date, much less has there been any substantial development of the merits.  No prejudice will result to any party by ordering intervention at this early stage.

### B.    The Secured Ad Hoc Group has an unconditional right to intervene.

11.    Nor can there be any dispute about the Secured Ad Hoc Group's unconditional right to intervene.  Under section 1109(b) of the Bankruptcy Code, parties in interest, including creditors like the members of the Secured Ad Hoc Group, are entitled (without qualification) to appear and be heard on any issue in a chapter 11 case.  11 U.S.C. § 1109(b).  Congress intended section 1109(b) "to confer broad standing at the trial level and to continue in the tradition of encouraging and promoting greater participation in reorganization cases."  *In re Glob. Indus. Techs.*, 645 F.3d 201, 211 (3d Cir. 2011).  And it is well settled in the Third Circuit that section 1109(b) grants creditors an unconditional right to intervene in adversary proceedings.  *See Official Unsecured Creditors' Comm. v. Michaels (In re Marin Motor Oil, Inc.)*, 689 F.2d 445, 453 (3d Cir. 1982), (observing unqualified right to intervene, as the term "case" under section 1109(b) includes adversary proceedings); *see Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1238-41 (3d Cir. 1994) (endorsing the holding of *Marin*, and concluding that "§ 1109(b) as interpreted by this

5

Court in *Marin* gives a creditors' committee an unconditional right to intervene in a non-core, 'related to' proceeding").

12.     The members of the Secured Ad Hoc Group are indisputably creditors of the Debtors.  Not only that, they are the creditors whose economic interests are directly implicated by this lawsuit: Plaintiff seeks declarations limiting the allowed amount of their secured claims as well as the extent of their liens.  Section 1109(b) thus gives them an unqualified statutory right to participate in the Adversary Proceeding.

**C.     The Secured Ad Hoc Group has an interest relating to the property that is the subject of the action.**

13.     Alternatively, the Secured Ad Hoc Group is entitled to intervene as of right because its property interests are at stake.  Courts in the Third Circuit authorize intervention under Rule 24(a)(2) when a party that brought a timely motion establishes that it has a sufficient interest in the litigation, that this interest will be impaired or affected by the disposition of the suit, and that the movant is not adequately represented by an existing party to the action.  *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998); *see also In re Brunswick*, 2007 WL 879175, at *3-4 (Bankr. D. Del. Mar. 21, 2007) (same).

14.     The "polestar" for evaluating a sufficiency of interest "for intervention is always whether the proposed intervenor's interest is direct or remote." *Kleissler*, 157 F.3d at 972. Creditors have "an interest in any estate funds specifically held by the [Debtors] for the purposes of satisfying claims against the estate," and creditors have been permitted to intervene when the outcome of the litigation "might impede recovery." *Casino Caribbean*, 544 B.R. at 115-16 (granting a creditor's motion to intervene).  Here, the Adversary Proceeding specifically seeks declarations regarding the extent of the liens and the value of the collateral securing the claims held by the Secured Ad Hoc Group's members, as well as regarding the value of remaining estate

6

property that Plaintiff says is unencumbered.  The Secured Ad Hoc Group thus undoubtedly has a direct, protectable interest in the outcome of this action.

15.     For much the same reason, the Secured Ad Hoc Group's members' interests might be impaired or affected, depending on how the Court rules in the Adversary Proceeding.  The Third Circuit has held that proposed intervenors must show only that their interests "*might* become affected or impaired, as a practical matter, by [the] disposition of the action in their absence." *Mountain Top Condo Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 368 (3d Cir. 1995) (emphasis in original); *see also Brody v. Spang*, 957 F.2d 1108, 1122 (3d Cir. 1992) (noting that a court must assess "the practical consequences of the litigation," and "may consider any significant legal effect on the applicant's interest").  It is obvious that a declaration about the extent and value of the liens securing the claims of the Secured Ad Hoc Group's members *might* affect their property interests and the value they may recover in these chapter 11 cases.

16.     Finally, to satisfy the "inadequate representation" prong, an intervenor must show only that representation by an existing party "may be" inadequate; its burden to prove this is "minimal."  *See Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972); *see also Mountain Top*, 72 F.3d at 369; *see also* Wright & Miller, 7C Federal Practice and Procedure § 1909 ("[A]ll reasonable doubts should be resolved in favor of allowing the absentee, who has an interest different from that of any existing party, to intervene so that the absentee may be heard on his own behalf.").  The complaint names only Barclays, as collateral agent for the term loan lenders.  It does not name individual lenders despite the fact that they are the parties with the ultimate economic interest in the disposition of the action.  The lenders themselves are distinctly motivated to protect their pecuniary interests.  In addition, the Credit Agreement governing the Term Loan Facilities contains numerous exceptions and carve-outs to the agent's duties to the term

7

loan lenders, meaning that the agent is not perfectly incentivized to maximize value in the same way as individual lenders.

17.     The interests diverge further.  Barclays is not only the collateral agent for the term loan lenders but is also a holder of revolving loans issued under the Credit Agreement, as well as the swingline lender, issuing lender, administrative agent, collateral agent, and Australian security trustee under a different credit agreement.  That means its economic and administrative interests may well differ from those of the Secured Ad Hoc Group.  Moreover, some members of the Cross-Holder Ad Hoc Group are also holders of term loans under the Credit Agreement.  That means that Barclays is the agent for some of the members of the group that commenced this action and thus raises the specter of inadequate representation by Barclays.  The interests of the members of the Secured Ad Hoc Group undoubtedly are not adequately represented by any party to the proceeding, including Barclays, and thus it is entitled to intervention.  *See, e.g., U.S. v. Territory of V.I.*, 748 F.3d 514, 519 (3d Cir. 2014) (finding that inadequate representation prong can be met when "although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests"); *Wineries of the Old Mission Peninsula Ass'n v. Twp. of Peninsula, Mich.*, 41 F.4th 767, 777 (6th Cir. 2022) (finding that inadequate representation prong was met, as "overlapping interests do not equal convergent ones for the purposes of assessing representation under Rule 24(a)"); *MiiCs & Partners Am., Inc. v. Toshiba Corp.*, No. CV-14-803-RGA, 2016 WL 11488672 (D. Del. June 15, 2016) ("The possibility that the interests of the applicant and the parties may diverge need not be great in order to satisfy the minimal burden.") (quoting *Am. Farm Bureau Fed'n v. United States EPA*, 278 F.R.D. 98, 110 (M.D. Pa. 2011)).

4898-6861-1217.v1

**II.      Alternatively, the Secured Ad Hoc Group should be permitted to intervene.**

18.      Under Rule 24(b), permissive intervention may be granted to a timely movant that "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1).  Under this prong, "the interest of the proposed intervenor need not be related to the property or transaction in issue, but merely have a question of law or fact in common with it." *Allentown Cement Co. v. Hong Sung Indus. Co. (In re United Minerals & Grains Corp.)*, 76 B.R. 991, 1000 (Bankr. E.D. Pa. 1987); *Consumer Fin. Prot. Bureau v. Nat'l Collegiate Master Student Tr.*, 2018 WL 5095666, at *6 (D. Del. Oct. 19, 2018) (permitting intervention where movants' interest shared "a common question of law or fact with the underlying action.").  Courts have broad discretion in granting permissive intervention.  *See Territory of V.I.*, 748 F.3d at 519.

19.      Permissive intervention is clearly justified here.  The Secured Ad Hoc Group's defenses share far more than a mere "common question" with the Adversary Proceeding; the entire action is about the value of the Secured Ad Hoc Group's members' claims and liens.  These are issues on which the Secured Ad Hoc Group has the most at stake and the most to contribute.  In addition, intervention will not unduly delay the proceedings or prejudice any party. To the contrary, the Secured Ad Hoc Group's intervention will ensure a complete and efficient adjudication of the issues before the Court.[3]

---

[3]    In light of the early stages of the Adversary Proceeding, this motion is not accompanied by an answer or motion to dismiss. *Cf.* F. R. Civ. P. 24(c). Rather, the Secured Ad Hoc Group will respond to the Complaint, if appropriate, in accordance with the briefing schedule agreed to between the parties. *See Bintz v. United States Dep't of the Interior*, No. CV 25-152-GBW, 2025 WL 2097314 at *3 (D. Del. July 25, 2025) (observing that Third Circuit district courts have exercised leniency in the application of Rule 24(c)).

4898-6861-1217.v1

## NOTICE

20.     Notice of this Motion has been provided to (a) counsel to the Debtors; (b) the U.S. Trustee; (c) counsel to Barclays Bank PLC; (d) counsel to the Cross-Holder Ad Hoc Group; and (e) all parties entitled to notice under the applicable rules and order of this Court.

## NO PRIOR REQUEST

21.     No prior request for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, the Secured Ad Hoc Group respectfully requests that the Court (i) enter an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Secured Ad Hoc Group to intervene in the Adversary Proceeding, and (ii) grant the Secured Ad Hoc Group any other relief that is just and proper.

Dated: February 23, 2026.

> */s/ Thomas M. Walsh*
> Thomas M. Walsh, Esq.
> Matthew E. Beck, Esq.
> Sam Della Fera, Jr., Esq.
> **CHIESA SHAHINIAN & GIANTOMASI PC**
> 105 Eisenhower Parkway
> Roseland, New Jersey 07068
> Telephone:  (973) 325-1500
> Facsimile:  (973) 325-1501
> E-mail:  mbeck@cgslaw.com
> twalsh@csglaw.com
> sdellafera@csglaw.com
> *-and-*
> Evan R. Fleck, Esq. (admitted *pro hac vice*)
> Matthew Brod, Esq. (admitted *pro hac vice*)
> Alexander Lees, Esq. (admitted *pro hac vice*)
> Justin Cunningham, Esq. (admitted *pro hac vice*)
> **MILBANK LLP**
> 55 Hudson Yards
> New York, New York 10001-2163
> Telephone:  (212) 530-5000

10

4898-6861-1217.v1

Facsimile:  (212) 530-5219
E-mail:  efleck@milbank.com
          mbrod@milbank.com
          alees@milbank.com
          jcunnin1@milbank.com

Melanie Westover Yanez, Esq. (admitted *pro hac vice*)
Hannah A. Blazek, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
1101 New York Avenue, N.W.
Washington, D.C. 20005
Telephone:  (202) 835-7500
Email:  mwyanez@milbank.com
          hblazek@milbank.com

*Co-Counsel for the Secured Ad Hoc Group*

11

4898-6861-1217.v1