**MILBANK LLP**
55 Hudson Yards
New York, New York 10001-2163
Telephone:  (212) 530-5000
Facsimile:  (212) 530-5219
Evan R. Fleck, Esq.
Matthew Brod, Esq.
Alexander Lees, Esq.
Justin Cunningham, Esq.
efleck@milbank.com
mbrod@milbank.com
alees@milbank.com
jcunnin1@milbank.com

*Co-Counsel for the Secured Ad Hoc Group*

**CHIESA SHAHINIAN & GIANTOMASI PC**
105 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone:  (973) 325-1500
Facsimile:  (973) 325-1501
Thomas M. Walsh, Esq.
Sam Della Fera, Jr., Esq.
Matthew E. Beck, Esq.
twalsh@csglaw.com
sdellafera@csglaw.com
mbeck@csglaw.com

*Co-Counsel for the Secured Ad Hoc Group*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| MULTI-COLOR CORPORATION, *et al.*, | Case No. 26-10910 (MBK) |
| Debtors.[1] | (Jointly Administered) |
| BTG Pactual Asset Management US, LLC, BTG Pactual Absolute Return Master Fund, L.P., Canyon Capital Advisors LLC, The Canyon Value Realization Master Fund, L.P., River Canyon Fund Management LLC, River Canyon Total Return Bond Fund, Owl Creek Asset Management, L.P., Owl Creek Credit Opportunities Master Fund, L.P., Shenkman Opportunistic Credit Master Fund LP, Third Point LLC, and Third Point Master Fund LP, | Adv. Pro. No. 26-01041 (MBK) |
| Plaintiffs, |  |

---

[1] The last four digits of Debtor Multi-Color Corporation's tax identification number are 5853. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/MCC. The location of the Debtors' service address for purposes of these chapter 11 cases is:  3284 Northside Parkway NW, Suite 400, Atlanta, Georgia 30327.

|  |  |
|---|---|
| v. | ) |
|  | ) |
| Barclays Bank PLC, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

## SECURED AD HOC GROUP'S JOINDER TO BARCLAYS' MOTION TO STAY, ABSTAIN, OR DISMISS THE ADVERSARY PROCEEDING

The ad hoc group of secured first lien lenders and noteholders (the "Secured Ad Hoc Group"), by and through its undersigned counsel, hereby submits this joinder to the *Motion of Defendant Barclays Bank PLC Under Federal Rules of Bankruptcy Procedure 7012(b)(1) and 7012(b)(6) to Stay, Abstain, or Dismiss the Adversary Proceeding* (Adv. Pro. No. 26-01041, ECF No. 16) (the "Motion"),[2] filed by Barclays Bank PLC ("Barclays"), and respectfully states as follows:

## BACKGROUND

1.     On February 14, 2026, Plaintiffs filed the complaint seeking two forms of relief: first, a declaration that the liens held by Barclays, in its capacity as Administrative Agent and Collateral Agent, extend only to the "Collateral" defined in the Term Loan Security Agreement and not to alleged "Unencumbered Assets"; and second, a determination of the fair market value of the "Collateral" and the allowed amount of Barclays' secured claims under section 506(a) of the Bankruptcy Code. On February 23, 2026, the Secured Ad Hoc Group moved to intervene as a defendant.

2.     On March 2, 2026, Barclays filed its Motion, requesting a stay pending confirmation of the Debtors' chapter 11 plan or, in the alternative, asking that the Court dismiss

---

[2]     Capitalized terms not defined herein shall have the same meanings as in the Motion.

2

or abstain from hearing the action. The principal basis of the Motion is that the complaint raises issues that will be resolved through the plan confirmation process, making this action unnecessary.

3.    The confirmation hearing is scheduled for March 31, 2026. The voting deadline passed on March 3, 2026, at 5:00pm, which means all classes entitled to do so have now voted. Based on the voting results received by the Debtors, every voting class has voted to accept the plan. While the Debtors still are finalizing their due diligence, the margins are such that this outcome is not expected to change by the time the results are certified.

4.    On March 3, 2026, the Court granted the Secured Ad Hoc Group's motion to intervene, subject to the requirement that the Secured Ad Hoc Group file a responsive pleading, move to stay or dismiss, or join the Motion, and on March 10, 2026, the Court entered the corresponding order (Adv. Pro. No. 26-01041, ECF No. 34). The Secured Ad Hoc Group hereby joins the Motion and writes further to underscore why this action is pointless.

## **JOINDER**

5.    The votes are in, and every voting class has accepted the Debtors' plan. That renders this adversary proceeding effectively superfluous. The main practical consequence of the declaratory relief Plaintiffs seek would be to reallocate votes between the secured and unsecured classes: the higher the collateral value, the more votes the Secured Ad Hoc Group's constituency would have in the secured class; the lower the value, the more votes that constituency would have in the unsecured class on account of deficiency claims. If Plaintiffs have their way and reduce the size of the secured claim asserted by Barclays and the creditors it represents, this will have the effect only of increasing the unsecured class's support for the plan. Such a reallocation, therefore, will not affect confirmation, since the plan still will be confirmable regardless of the valuation issue.

6.      Moreover, to whatever extent the Court must determine the allowed amount of secured claims, it will do so in the context of plan confirmation anyway, and that will moot this lawsuit. The Supreme Court long has recognized that once a bankruptcy court determines an issue in the context of a summary proceeding, the normal rules of *res judicata* and collateral estoppel apply, which can completely obviate a plenary proceeding raising the same issue. *Katchen v. Landy*, 382 U.S. 323, 334 (1966). That principle applies here and reinforces why there is no need for this lawsuit. The confirmation hearing is only weeks away, which means the Court will have addressed the issues this lawsuit raises while the action is still in the pleadings stage.

7.      Plaintiffs' choice of procedural vehicle underscores the point. The relief they seek is expressly made available by motion under Rule 3012, as the complaint acknowledges. That Plaintiffs chose instead to file a complaint, rather than use the summary process contemplated by the rules, strongly suggests that this action is just part of Plaintiffs' playbook of imposing extra procedure and driving up costs to gain leverage. The Court should not indulge such a strategy.

8.      Staying, dismissing, or abstaining from hearing this adversary proceeding will not prejudice Plaintiffs. To whatever extent collateral valuation is relevant, the confirmation process will provide Plaintiffs the opportunity to participate and be heard. What Plaintiffs should not be allowed to do, however, is burden the Court, the estates, and other parties with redundant proceedings and unnecessary litigation procedures.

9.      For these reasons, and for those advanced by Barclays, there is no reason for this action to proceed any further. The Court should grant the Motion.

## RESERVATION OF RIGHTS

10.    The Secured Ad Hoc Group is an intervenor-defendant. It reserves the right to amend or supplement this joinder; to join any additional motions or related filings; and to participate in any hearing regarding the complaint or Motion.

Dated: March 10, 2026.

/s/ Thomas M. Walsh
Thomas M. Walsh, Esq.
Sam Della Fera, Jr., Esq.
Matthew E. Beck, Esq.
**CHIESA SHAHINIAN & GIANTOMASI PC**
105 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone:  (973) 325-1500
Facsimile:  (973) 325-1501
E-mail:  twalsh@csglaw.com
        sdellafera@csglaw.com
        mbeck@csglaw.com

-and-

Evan R. Fleck, Esq. (admitted *pro hac vice*)
Matthew Brod, Esq. (admitted *pro hac vice*)
Alexander Lees, Esq. (admitted *pro hac vice*)
Justin Cunningham, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001-2163
Telephone:  (212) 530-5000
Facsimile:  (212) 530-5219
E-mail:  efleck@milbank.com
        mbrod@milbank.com
        alees@milbank.com
        jcunnin1@milbank.com

*Co-Counsel for the Secured Ad Hoc Group*

5