**MILBANK LLP**
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
Evan R. Fleck, Esq. (admitted *pro hac vice*)
Matthew Brod, Esq. (admitted *pro hac vice*)
Alexander Lees, Esq. (admitted *pro hac vice*)
Justin Cunningham, Esq. (admitted *pro hac vice*)
efleck@milbank.com
mbrod@milbank.com
alees@milbank.com
jcunnin1@milbank.com

*Co-Counsel for the Secured Ad Hoc Group*

**CHIESA SHAHINIAN &
GIANTOMASI PC**
105 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone: (973) 325-1500
Facsimile: (973) 325-1501
Thomas M. Walsh, Esq.
Sam Della Fera, Jr., Esq.
Matthew E. Beck, Esq.
twalsh@csglaw.com
sdellafera@csglaw.com
mbeck@csglaw.com

*Co-Counsel for the Secured Ad Hoc Group*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| MULTI-COLOR CORPORATION, *et al.*, | ) | Case No. 26-10910 (MBK) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| BTG Pactual Asset Management US, LLC, | ) | Adv. Pro. No. 26-01041 (MBK) |
| BTG Pactual Absolute Return Master Fund, L.P., Canyon Capital Advisors LLC, The Canyon Value Realization Master Fund, L.P., River Canyon Fund Management LLC, River Canyon Total Return Bond Fund, Owl Creek Asset Management, L.P., Owl Creek Credit Opportunities Master Fund, L.P., Shenkman Opportunistic Credit Master Fund LP, Third Point LLC, and Third Point Master Fund LP, | ) | |
|  | ) |  |
| Plaintiff, | ) |  |

---

[1] The last four digits of Debtor Multi-Color Corporation's tax identification number are 5853. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/MCC. The location of the Debtors' service address for purposes of these chapter 11 cases is: 3284 Northside Parkway NW, Suite 400, Atlanta, Georgia 30327.

|  |  |  |
|---|---|---|
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| Barclays Bank PLC, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**THE SECURED AD HOC GROUP'S REPLY IN FURTHER SUPPORT
OF THE MOTION OF DEFENDANT BARCLAYS BANK PLC
TO STAY, ABSTAIN, OR DISMISS THE ADVERSARY PROCEEDING**

The *ad hoc* group of secured first-lien lenders and noteholders (the "Secured Ad Hoc Group") hereby submits this reply in further support of the *Motion of Defendant Barclays Bank PLC under Federal Rules of Bankruptcy Procedure 7012(b)(1) and 7012(b)(6) to Stay, Abstain, or Dismiss the Adversary Proceeding* [Docket No. 16] (the "Motion") and the *Secured Ad Hoc Group's Joinder to the Motion* [Docket No. 35], and respectfully states as follows:

**ARGUMENT**

1.      Plaintiffs assert that they should be permitted to continue this adversary proceeding notwithstanding the upcoming confirmation hearing because they will be "directly affected" by a determination of the extent and value of Barclays' liens. Not so. The Plan [Docket No. 17] specifies the treatment of the first-lien secured claims and the unsecured funded debt claims, and both classes have voted in favor of the Plan, even though Plaintiffs did not. So, even if Plaintiffs somehow succeed in demonstrating that Barclays's lien encumbers less property or that the value of the collateral is lower than secured creditors contend, this would not affect creditor recoveries or confirmation. The Plan's treatment of the various classes does not depend on the value of secured creditors' claims, which means no one will be affected at all – let alone "directly affected" – by the declaratory relief sought in the complaint. This adversary proceeding is unnecessary.

2

4916-6722-9594.v1

2. Plaintiffs make repeated conclusory assertions that the issues raised in the adversary proceeding must be resolved before the confirmation hearing. This rings completely hollow. The confirmation hearing is scheduled to occur in just over one week, on March 31. Plaintiffs never sought to expedite this action, which underscores that it is merely a tactical attempt to impose additional process and cost to garner leverage. If Plaintiffs truly believed their declaratory judgment claims needed to be resolved before that date, it would have been reasonable to expect them to seek prompt adjudication – or, at a minimum, propose an expedited schedule. They did no such thing. Instead, they have plowed ahead with Plan discovery – including extensive document requests and a multitude of depositions – demonstrating their willingness to have the issues addressed at the confirmation hearing and putting the lie to their assertion that this lawsuit is necessary and should take priority.

3. Invoking Bankruptcy Rule 7001, Plaintiffs claim that an adversary proceeding is the only posture in which all the issues raised by their complaint can be resolved. But they do not grapple with *Katchen v. Landy*, 382 U.S. 323 (1966), which the Secured Ad Hoc Group cited in its joinder. In that case, the Supreme Court recognized that in the bankruptcy context, summary proceedings and plenary proceedings may overlap. When that occurs, the Court held, a bankruptcy judge can adjudicate the summary proceeding first, even if doing so entirely obviates the plenary proceeding. *Id.* at 340. In *Katchen*, the question was whether the bankruptcy court could resolve in the context of a claim objection (under the predecessor of section 502(b)(2) of the Bankruptcy Code) whether a claimant had received a preferential transfer. Even though preference claims can be asserted in adversary proceedings in which the parties are entitled to a jury, the Court concluded that the preference issue could be decided in a summary proceeding without a jury, in which case

3

the ordinary rules of *res judicata* would apply and a plenary preference action would be rendered moot. *Id.* at 334–35.

4.      The logic of *Katchen* applies here. Even if the Court were to credit Plaintiffs' faulty assertion that lien scope and collateral value must be determined before the Plan can be confirmed, it would not follow that this adversary proceeding must move forward. To whatever extent those issues are relevant for confirmation, they will be addressed in that context in a matter of days – while this lawsuit remains in its infancy. As in *Katchen*, once that happens, there will be "nothing remain[ing] for adjudication" in this adversary proceeding. *Id*. at 334.

5.      In any event, the added procedures for adversary proceedings addressing the extent of liens are meant to protect the lienholder. The cases Plaintiffs cite confirm this: each involved the *secured* creditor's objection to a plan that stripped *its* lien and arguments about the need for *that* creditor to have due process.[2] They did not involve a situation where the party *challenging* the lien demanded the added procedures of a plenary suit. That is because "the requirement to bring an adversary proceeding may be waived by the party that the requirement seeks to protect." *In re Colston*, 213 B.R. 704, 709 (Bankr. S.D. Ohio 1997). Defendant and the secured first-lien creditors are the parties that Bankruptcy Rule 7001(b) is meant to protect, and they are asking the Court to forgo this adversary proceeding.

6.      Finally, Plaintiffs are wrong in contending that this action is necessary to determine the sufficiency of the disclosure statement. In determining whether the disclosure statement

---

[2]     *See In re Mansaray-Ruffin*, 530 F.3d 230, 237 (3d. Cir. 2008) (noting that "an adversary proceeding provides the *lienholder* with greater procedural protection.") (emphasis added); *In re Kressler*, 252 B.R. 632, 635 (Bankr. E.D. Pa. 2000) (requiring the debtor to take an affirmative step before avoiding a secured creditor's lien in the plan and noting the purpose of the rules is a "concern for protecting the due process rights of the *secured creditor*") (emphasis added); *Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 93-94 (4th Cir. 1995) (requiring process where secured creditor's lien was stripped through plan); and *In re Reilly*, 71 B.R. 132, 135 (Bankr. D. Mont. 1987) (secured creditors' entitled to valuation before debtor could assign the collateral no value).

4916-6722-9594.v1

contains "adequate information," a court must consider "the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information." 11 U.S.C. § 1125(a). Here, creditors will not benefit from waiting until this action has concluded – many months from now, at best – and then having the results reported to them so they can recast their ballots. Plaintiffs have already voted to reject the Plan, and every action they have taken in these cases indicates that they will never consent to it. They cannot credibly suggest the outcome of this lawsuit would cause them to vote differently.

7.      And even if Plaintiffs did change their votes, that would not matter, since they have been soundly outvoted. All this adversary proceeding could determine is how the votes of the first-lien secured creditors should be allocated between the two voting classes. If anything, a complete success for Plaintiffs in this lawsuit will serve only to dilute their votes even further: more votes of the first-lien secured creditors will be allocated to the unsecured class that includes Plaintiffs, and that class will be carried by an even wider margin. The votes of the RSA parties, which are contractually obligated to support the Plan, would always exceed the voting thresholds for each of the voting classes regardless of the outcome of the adversary proceeding. There is no scenario in which Plaintiffs' votes could affect confirmation. Plaintiffs therefore cannot contend that they need, or anyone else needs, more information about the outcome of this adversary proceeding to determine how to vote.[3]

8.      Plaintiffs don the mantle of champions of procedure and due process. But the reality of these cases makes clear that they are abusing litigation to gain a tactical advantage. They have

---

[3]   *See In re Clearpoint Chemicals, LLC*, Case No. 20-12274-JCO-11, 2021 WL 418699, at *8 (Bankr. S.D. Ala. Sept. 14, 2021) (allegedly deficient disclosure harmless where further details would not have changed the voting outcome); *In re River Canyon Real Estate Invs., LLC*, Case No. 12-20763 EEB, 2020 WL 11833506, at *4 (Bankr. D. Colo. Sept. 7, 2010) (same).

5

no answer to the question of what possibly could be gained by advancing this lawsuit, when it will be rendered moot in just over a week. That is because there is none: Plaintiffs just want to delay and maximize litigation expenses in the hope that their adversaries will relent and offer them more value than they are entitled to. That is not an appropriate use of judicial or party resources.

9.    The Court therefore should dismiss or abstain from hearing this action. At the very least, the Court should stay the adversary proceeding until after the confirmation hearing and then determine whether any issues raised by the complaint remain and still present a justiciable controversy.

**CONCLUSION**

The Court should grant the Motion and award the Secured Ad Hoc Group such other and further relief as is just and proper.

Dated: March 23, 2026

/s/ Thomas M. Walsh
Thomas M. Walsh, Esq.
Sam Della Fera, Jr., Esq.
Matthew E. Beck, Esq.
**CHIESA SHAHINIAN & GIANTOMASI PC**
105 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone: (973) 325-1500
Facsimile: (973) 325-1501
E-mail: twalsh@csglaw.com
        sdellafera@csglaw.com
        mbeck@cgslaw.com

-and-

Evan R. Fleck, Esq. (admitted *pro hac vice*)
Matthew Brod, Esq. (admitted *pro hac vice*)
Alexander Lees, Esq. (admitted *pro hac vice*)
Justin Cunningham, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
E-mail: efleck@milbank.com
      mbrod@milbank.com
      alees@milbank.com
      jcunnin1@milbank.com

Melanie Westover Yanez, Esq. (admitted *pro hac vice*)
Hannah A. Blazek, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
1101 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 835-7500
Email: mwyanez@milbank.com
      hblazek@milbank.com

*Co-Counsel for the Secured Ad Hoc Group*

4916-6722-9594.v1