**MILBANK LLP**
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
Evan R. Fleck, Esq. (admitted *pro hac vice*)
Matthew Brod, Esq. (admitted *pro hac vice*)
Alexander Lees, Esq. (admitted *pro hac vice*)
Justin Cunningham, Esq. (admitted *pro hac vice*)
efleck@milbank.com
mbrod@milbank.com
alees@milbank.com
jcunnin1@milbank.com

*Co-Counsel for the Secured Ad Hoc Group*

**CHIESA SHAHINIAN & GIANTOMASI PC**
105 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone: (973) 325-1500
Facsimile: (973) 325-1501
Sam Della Fera, Jr., Esq.
Matthew E. Beck, Esq.
Thomas M. Walsh, Esq.
sdellafera@csglaw.com
mbeck@csglaw.com
twalsh@csglaw.com

*Co-Counsel for the Secured Ad Hoc Group*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| MULTI-COLOR CORPORATION, *et al.*, | Case No. 26-10910 (MBK) |
| Debtors.[1] | (Jointly Administered) |
| BTG Pactual Asset Management US, LLC, BTG Pactual Absolute Return Master Fund, L.P., Canyon Capital Advisors LLC, The Canyon Value Realization Master Fund, L.P., River Canyon Fund Management LLC, River Canyon Total Return Bond Fund, Owl Creek Asset Management, L.P., Owl Creek Credit Opportunities Master Fund, L.P., Shenkman Opportunistic Credit Master Fund LP, Third Point LLC, and Third Point Master Fund LP, | Adv. Pro. No. 26-01041 (MBK) |
| Plaintiffs, | |

---

[1]   The last four digits of Debtor Multi-Color Corporation's tax identification number are 5853. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/MCC. The location of the Debtors' service address for purposes of these chapter 11 cases is: 3284 Northside Parkway NW, Suite 400, Atlanta, Georgia 30327.

4925-1675-3309.v1

|  |  |  |
|---|---|---|
| v. | ) | |
| | ) | |
| Barclays Bank PLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### THE SECURED AD HOC GROUP'S LIMITED OBJECTION TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION TO INTERVENE

The *ad hoc* group of secured first-lien lenders and noteholders (the "Secured Ad Hoc Group") does not oppose, in principle, the request of the Official Committee of Unsecured Creditors (the "Committee") to intervene in this adversary proceeding. The Secured Ad Hoc Group submits, however, that the Court should defer ruling on the Committee's intervention until it has resolved two threshold matters already scheduled to be heard at the same hearing on April 7, 2026: the Debtors' motion to disband the Committee [Main Case Docket No. 553], and Barclays's motion to dismiss, stay, or abstain [Adv. Docket No. 16]. The Secured Ad Hoc Group has joined both those motions and believes it would be a waste of resources to address the Committee's right to intervene while the Court separately considers whether the Committee will continue to exist and whether anything is going to happen in this action in any event.

### I.      The Court should defer ruling on the Committee's motion to intervene.

As the Secured Ad Hoc Group set forth in its joinder to the Debtors' motion to disband, the appointment of an unsecured creditors' committee in these cases is untimely and unnecessary. These are prepackaged cases in which unsecured creditors have voted in favor of the plan or are otherwise unimpaired, leaving little (if anything) for an official committee to do for that constituency. The most the Committee could do is duplicate the work of the Cross Holder Ad Hoc Group and make the Debtors pay for it. The Committee has no productive role to play in these cases – let alone in this action.

2

For similar reasons, as the Secured Ad Hoc Group set forth in its joinder to Barclays's motion, there is no reason for this adversary proceeding to occur at all. The complaint seeks declaratory relief concerning the extent and value of Barclays's liens on the Debtors' assets, but it is a complete empty letter in the context of these prepackaged chapter 11 cases. The treatment afforded secured and unsecured constituencies under the plan will not change regardless of the outcome of this lawsuit, since it is fixed by the Debtors' plan and independent of the variable of how much the secured creditors' lien is determined to be worth.[2] And the unsecured classes the Committee represents have accepted the Plan or are unimpaired. Regardless of whether the Committee is disbanded, therefore, there is no reason for this fruitless lawsuit to move forward, and so nothing for the Committee (or anyone else) to do. Addressing intervention now would add to the waste already occasioned by the filing of this unnecessary adversary proceeding.

## II.    At minimum, intervention should be conditioned to prevent duplicative effort.

Should the Court nevertheless be inclined to rule on the Committee's right to intervene now, any order granting intervention should specify that the Committee should not be allowed to duplicate the work of Plaintiffs, who are part of the Cross Holder Ad Hoc Group and have shown no restraint in their pursuit of litigation. The Committee itself acknowledges that it "is aligned with the Plaintiffs in connection with determining the nature and extent of the Defendant's security interests."[3] If the Committee intends to adopt Plaintiffs' claims wholesale, its participation is, by definition, duplicative.

The Committee's proposed order imposes no conditions or limitations. It provides merely that the Committee "shall be deemed so intervened without the need for any further action."[4]

---

[2]   *See* Plan [Main Case Docket No. 17] at Art. I.A.98, 101-03, 121-22.

[3]   Motion to Intervene ¶ 16.
[4]   Motion at Proposed Order ¶ 2.

Permitting the Committee to intervene without limitation would risk redundant briefing, duplicative discovery, and the unnecessary consumption of estate resources – all to the detriment of the very creditors the Committee purports to represent. If any order granting intervention is entered, it should be revised to mandate that Plaintiffs and the Committee coordinate and not multiply litigation by submitting duplicative briefs, discovery demands, and other papers.

## **CONCLUSION**

For the foregoing reasons, the Court should defer ruling on the motion to intervene until it has decided whether the Committee will be disbanded and whether this adversary proceeding is moving forward. If the Court is inclined to grant the motion to intervene, its order should mandate that Plaintiffs and the Committee coordinate and not submit duplicative briefs, discovery demands, and other papers.

Dated: March 31, 2026.

/s/ Sam Della Fera, Jr.
Sam Della Fera, Jr., Esq.
Matthew E. Beck, Esq.
Thomas M. Walsh, Esq.
**CHIESA SHAHINIAN & GIANTOMASI PC**
105 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone: (973) 325-1500
Facsimile: (973) 325-1501
E-mail: sdellafera@csglaw.com
        mbeck@cgslaw.com
        twalsh@csglaw.com

-and-

4

Evan R. Fleck, Esq. (admitted *pro hac vice*)
Matthew Brod, Esq. (admitted *pro hac vice*)
Alexander Lees, Esq. (admitted *pro hac vice*)
Justin Cunningham, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
E-mail: efleck@milbank.com
        mbrod@milbank.com
        alees@milbank.com
        jcunnin1@milbank.com

Melanie Westover Yanez, Esq. (admitted *pro hac vice*)
Hannah A. Blazek, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
1101 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 835-7500
Email: mwyanez@milbank.com
        hblazek@milbank.com

*Co-Counsel for the Secured Ad Hoc Group*

5